522 A.2d 26

**Leonard DeMARCO, Appellant,**

**v.**

**JONES & LAUGHLIN STEEL CORPORATION, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 5, 1986.

Decided March 10, 1987.

Reargument Denied June 19, 1987.

Edwin H. Beachler, McArdle, Caroselli, Spagnolli & Beachler, Pittsburgh, for appellant.

James R. Schmitt, Will & Keisling, Ganassi & McCloskey, Carnegie, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION ANNOUNCING THE JUDGMENT
## OF THE COURT

LARSEN, Justice.

The issue before the Court in this case is whether an employer waives the defense of res judicata where that defense had not been raised in the answer to a claimant's workman's compensation claim petition.

On September 3, 1976, Leonard DeMarco, appellant, filed a claim petition for compensation benefits under § 108 of the Pennsylvania Workmen's Compensation Act (Act), 77 P.S. § 27.1, alleging that he became totally and permanently disabled on August 21, 1976, as a result of anthracosilicosis, mixed dust pneumoconiosis and pulmonary emphysema due to his exposure to deleterious gases, smoke, dust and particulate matter at his place of employment. Appellant had worked for 35 years in the seamless tube department of Jones & Laughlin Steel Corporation, appellee herein.

The referee, in denying benefits, held that appellant failed to meet the burden of proof imposed by sections 108(n) and/or 108(q) and 301(c) of the Act, 77 P.S. §§ 27.1(n), (q), and 411, in proving an occupational disease within the meaning of the Act. On appeal, the Workmen's Compensation Appeal Board (Board) affirmed, indicating that the referee's decision was supported by evidence of record. The Board further determined in its denial of appellant's request for remand on the basis of Commonwealth Court's recent decision in *Plasteel Products Corporation v. Workmen's Compensation Appeal Board,* 32 Pa.Commw. 405, 379 A.2d 908 (1977),[1] that appellant's remedy was to refile his claim with a specific averment of aggravation. Opinion of the Board at 3–4 (Apr. 6, 1978).

1. On November 17, 1977, for the first time, Commonwealth Court concluded "that the term 'injury', when used in an occupational disease context [pursuant to section 301(c) of the Act, 77 P.S. § 411] was intended to include occupation-related harm which does not amount to a separate occupational disease." *Plasteel,* 32 Pa.Commw. at 409, 379 A.2d at 910. The decision in that case had not been widely circulated at the time of the referee's decision on appellant's first claim petition for benefits.

The Board stated in connection therewith that "[t]his averment could not be ruled *res judicata,* since that issue was not considered in the previous handling of the case." *Id.* at 4. No appeal was taken from this decision by either party.

In June of 1978, appellant filed a second claim petition for compensation benefits alleging per *Plasteel, supra,* that he became disabled on August 21, 1976, as a result of an aggravation of pulmonary diseases. Appellee's answer denied all material averments to the claim petition, but did not raise the defense of res judicata.

The referee found that appellant had "sustained injuries within the meaning of Sections 108(n) and 301(c)(2) of the Act." Referee's Decision at 5 (July 30, 1979). Compensation was awarded at the weekly rate of $187.00 per week beginning August 21, 1976. A timely appeal to the Board was filed by appellee, at which time appellee alleged for the first time that the referee erred as a matter of law in failing to dismiss appellant's second petition pursuant to the doctrine of "res judicata." The Board affirmed the decision of the referee, rejecting the defense of res judicata on the merits.

On appeal, Commonwealth Court reversed the decision of the Board, holding that appellee did not waive its right to raise the defense of res judicata even though the defense was not submitted to the referee and was first raised on appeal before the Board,[2] and that the doctrine of res judicata barred the filing of the second claim petition.

■ We granted allocatur on appellant's challenges to both aspects of the Commonwealth Court's decision. Because we find that appellee waived its res judicata defense by failing to assert the defense in its answer to appellant's

2. Commonwealth Court stated that "the record is not clear that the employer failed to present the res judicata claim to the referee." *Jones & Laughlin Steel Corporation v. Workmen's Compensation Appeal Board,* 89 Pa.Commw. 41, 43, 491 A.2d 941, 942 (1985). On the contrary, our review of the record clearly reveals that the matter of res judicata was not presented in any manner to the referee. In fact, appellee does not now assert that the claim was raised before the referee.

claim petition, we do not reach the merits of the res judicata issue.

The Commonwealth Court reasoned that appellee's presentation of the res judicata defense to the *Board* was sufficient to preserve the defense for its review; and that presenting the defense for the first time to the Board "does not intrude upon the referee's role as the indispensable finder of fact." 89 Pa.Commw. at 43, 491 A.2d at 942. This conclusion misconstrues the role of the Board.

The Pennsylvania Workmen's Compensation Act defines the right to appeal to the Board in pertinent part as follows:

Any party in interest may ... take an appeal [from a referee's decision] to the board on the ground: (1) that the award or disallowance of compensation is not in conformity with the terms of this act, or that the referee committed any other error of law; (2) that the findings of fact and award or disallowance of compensation was unwarranted by sufficient, competent evidence or was procured by fraud, coercion, or other improper conduct of any party in interest.

77 P.S. § 853. This section restricts the Board to determining, first, whether errors of law have been committed and, second, whether any of the referee's findings are not supported by competent evidence. The decision of the referee is final, and the Board acts "as merely a body of appellate review." *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa.Commw. 352, 356, 336 A.2d 440, 443 (1975).[3] By limiting the grounds of appeal in workmen's compensation cases and by defining the Board as an appellate entity, the legislature devised a system of review which parallels appellate review in the courts.

In both civil and criminal cases, this Court has specifically said that issues not raised or presented at the trial stage will not be considered on appellate review. *See Dilliplaine*

---

**3.** Section 401 of the Act refers to the Board as an entity "exercising its powers and performing its duties as an appellate board." 77 P.S. § 701.

*v. Lehigh Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). In *Dilliplaine, supra,* we held that a civil litigant waives appellate consideration of an alleged trial error where exception thereto is not made at trial, stating:

> Appellate court consideration of issues not raised in the trial court results in the trial becoming merely a dress rehearsal. This process removes the professional necessity for trial counsel to be prepared to litigate the case fully at trial and to create a record adequate for appellate review. The ill-prepared advocate's hope is that an appellate court will come to his aid after the fact and afford him relief despite his failure at trial to object to an alleged error. The diligent and prepared trial lawyer— and his client—are penalized when an entire case is retried because an appellate court reverses on the basis of an error opposing counsel failed to call to the trial court's attention.

457 Pa. at 257, 322 A.2d at 116.

In *Wing v. Unemployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981), we applied the rationales underlying the waiver doctrine to administrative proceedings, stating:

> The *Dilliplaine* and *Clair* rationales are perfectly apposite in administrative law cases as well: the administrative law tribunal must be given the opportunity to correct its errors *as early as possible;* diligent preparation and effective advocacy before the tribunal must be encouraged by requiring the parties to develop complete records and advance all legal theories; and the finality of the lower tribunals' determinations must not be eroded by treating each determination as part of a sequence of piecemeal adjudications.

*Id.,* 496 Pa. at 117, 436 A.2d at 180–81 (emphasis added).

■ The referee not only functions as the factfinder in the workmen's compensation adjudicatory system, he or she is also charged with making a record of hearings, and such findings of fact and conclusions of law "as the petition and

answers and the evidence produced before him and the provisions of this act shall, in his judgment, require." 77 P.S. § 833. Appeals are taken on the basis of the record produced before the referee, and that record is necessarily limited to the claim petition, the answers, and the evidence. Legal issues and facts not presented to the referee cannot be asserted on appeal without sacrificing the integrity, efficiency, and orderly administration of the workmen's compensation scheme of redress for work-related injury and occupational disease. The administrative law tribunal, here, the referee, was not given the opportunity to address the res judicata defense.

■ We hold, therefore, that the Board erred as a matter of law in considering appellee's res judicata defense, as that defense was waived.[4] Accordingly, we reverse the order of the Commonwealth Court and reinstate the award of the referee.

PAPADAKOS, J., joins in this opinion announcing the Judgment of the Court.

FLAHERTY, J., filed a concurring opinion in which NIX, C.J., and HUTCHINSON, J., joined.

HUTCHINSON, J., filed a concurring opinion in which McDERMOTT, J., joined.

ZAPPALA, J., concurred in the result.

FLAHERTY, Justice, concurring.

I would not apply our waiver rule in proceedings before the workmen's compensation referee in the same fashion as

4. In appellee's view, Pa.R.A.P. Rule 1551 precludes review of the waiver argument as it is a "question ... which was not raised before the governmental unit." Appellant failed to assert waiver of the res judicata claim before the Board, raising this argument for the first time before the Commonwealth Court. It will suffice to note that appellant's delay in asserting the waiver issue does not serve to resurrect an issue previously waived. To hold otherwise would defeat the purpose of the waiver doctrine which ensures that the tribunal with initial jurisdiction is presented with all cognizable issues, and could result in claims of waiver ad waiver ad waiver ad infinitum.

in our trial courts. The purpose for the waiver rule is to promote judicial economy by affording appellate tribunals the benefit of a fully developed record including the considered reasoning of the lower tribunal. Because, in my view, the administrative scheme provided by the Workmen's Compensation Act does not strictly limit the board to appellate functions in the judicial sense, I see no need for extending the applicability of the waiver rule to matters before the workmen's compensation referee.

It is true, as the majority notes, that the workmen's compensation appeal board is defined in the Workmen's Compensation Act as "a departmental administrative board ... exercising its powers and performing its duties as an appellate board," 77 P.S. § 701 (Supp.1986). Nevertheless, the Workmen's Compensation Act, which establishes the *administrative* scheme within which the board functions, has fixed the board's quasijuristic functions as both appellate and fact-determining. See, e.g. 77 P.S. § 831 (Supp. 1986) which provides for investigation and fact-finding by, inter alia, the board. The board functions somewhat like an appellate court, but, because the board can consider new evidence, proceedings before the board are not, strictly speaking, appellate proceedings. Thus, I would not extend applicability of our waiver rule from the judicial setting to the administrative setting in workmen's compensation cases. Rather, I would hold that matters raised within the aegis of the workmen's compensation administrative scheme are not waived simply because they were not *first* raised to the referee, and that matters may be considered on appeal so long as they were raised *within the administrative process* below.

Consistent with this approach, I would further hold that the doctrine of res judicata does not bar claimant's petition for relief. The second petition, which was ordered by the board, was filed in proceedings which were merely an extension of the original proceeding to recover benefits and not in a separate, second proceeding. Until the board made

its final adjudication, the doctrine of res judicata could have no application.

NIX, C.J., joins this concurring opinion.

HUTCHINSON, J., joins this concurring opinion and files a concurring opinion in which McDERMOTT, J., joins.

HUTCHINSON, Justice, concurring.

I concur in the result. However, I disassociate myself from any implication that the strict doctrine of waiver applicable to trials applies in workmen's compensation proceedings. These proceedings are informal and the technical rules of procedure are relaxed. *See, e.g., Lako v. Schlessinger*, 208 Pa.Superior Ct. 85, 220 A.2d 665 (1966); *Gonzales v. O'Donnell's Broad St. Bar, Inc.*, 204 Pa. Superior Ct. 170, 203 A.2d 583 (1964). *See also* 2 A. Barbieri, *Pennsylvania Workmen's Compensation*, § 6.19 (1975). Importing a rigid waiver doctrine into workmen's compensation proceedings is neither desirable nor consistent with the goal of maintaining informality in the hearing procedure in compensation cases.

McDERMOTT, J., joins in this concurring opinion.