**Eric DOBRANSKY, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CONTINENTAL BAKING COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 8, 1997.

Decided Sept. 8, 1997.

Reargument Denied Nov. 10, 1997.

---

Daniel K. Bricmont, Pittsburgh, for petitioner.

A.J. Plastino, II, and Susan V.B. Mason, Pittsburgh, for respondent.

Before PELLEGRINI and FLAHERTY, J., and MIRARCHI, Jr., Senior Judge.

PELLEGRINI, Judge.

Eric Dobransky (Claimant) petitions for review of the November 7, 1996 decision and order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ) suspending Claimant's benefits because Claimant was physically able to return to work. Not disputing on appeal the WCJ's determination that he is physically able to return to his pre-injury position, Claimant appeals, contending only that the jobs offered to him were not available because he was living in Pittsburgh and they were offered in Philadelphia.

The facts as found by the WCJ are as follows. Claimant was originally hired by Continental Baking Company (Employer) in 1986 at its Braun's Bakery location in Pittsburgh and subsequently rehired by Employer at its Philadelphia center some time in 1988. Claimant worked as a transport driver[1] for Employer until he sustained a fracture of his left thumb on July 13, 1990, while unloading bakery products and compensation was paid. In January of 1991, while still receiving compensation benefits, Claimant, for financial reasons, returned to live at the house which he owned in Pittsburgh.

While Claimant was in Pittsburgh, Employer had offered him three separate positions as transport driver, his pre-injury job, "jockey duties",[2] or receiver of returns,[3] all of which the Claimant was found to be medically able to perform. In response to the numerous letters and telephone calls, Claimant either informed Employer that he would return to work at one of those positions, only to subsequently notify it that he would not be returning, or merely ignored them. Though his pre-injury position of transport driver required that he pass a Department of Transportation physical examination, Claimant failed to appear to take the examination when they were scheduled. Employer then filed a petition to suspend benefits, alleging that Claimant's disability had been reduced so that he could return to his pre-injury job or other positions at wages equal to or in excess of Claimant's pre-injury wages.

Because Employer produced medical evidence of a change in Claimant's condition and evidence of a referral to open jobs, including his pre-injury position for which Claimant had been given medical clearance, the WCJ suspended Claimant's benefits as of July 24, 1991, because Claimant acted in bad faith in failing to follow through on Employer's job offers.

Claimant appealed to the Board for the first time contending that the WCJ erred by finding that the positions of transport driver

---

1. The position of transport driver includes driving a 48–foot tractor to transport and deliver bakery products, connecting air lines, glad hoods, and light cord by the use of hands, inspecting brake lines, wheels and load to ensure everything is secure and in proper order, driving trucks to appropriate destinations, and unloading of products into warehouses by the use of metal ramps and dollys.

2. Jockey duties are the same duties as the transport driver duties, but in a truck with an automatic transmission and power steering.

3. A receiver of returns position entails the receiving of products returned by route salesmen, pushing and pulling of racks of returned products to a central location, removal of trays of products from racks, sorting of products by type, verification and counting of products against a return report sheet, stacking of trays of products on racks, and collecting trash around the Thrift Store.

or receiver of returns were "actually available" to him since they were positions in Philadelphia and he had moved to Pittsburgh. The Board affirmed, holding that based on Claimant's failure to object to Employer to his working in Philadelphia, combined with his lack of good faith in pursuing the positions offered by Employer, it would be neither appropriate nor justified to require Employer to prove job availability in Pittsburgh. This appeal followed.[4]

Before us, Claimant contends that the WCJ erred in granting the suspension petition based on his conclusion that suitable employment was "actually available" when Claimant resided in Pittsburgh, and Employer only offered employment in Philadelphia. However, Employer contends that this issue has been waived.

Employer's petition for suspension asserted that the positions offered to Claimant were within the "relevant job market". In his answer, Claimant did not challenge that assertion, only contended that the petition for suspension should be denied because he remained totally disabled. Also, Claimant never made any argument before the WCJ nor did he offer any evidence in the hearing contesting that Philadelphia was the relevant job market. Employer contends that the issue of job availability has been waived because Claimant failed to raise this issue in his answer to Employer's petition to suspend or at the hearing before the WCJ.

In *DeMarco v. Jones & Laughlin Steel Corporation,* 513 Pa. 526, 522 A.2d 26 (1987), a plurality opinion issued by our Supreme Court, the Court considered the issue of whether the Board may address a defense raised by an employer for the first time before the Board, which was not raised in that employer's answer to the claimant's claim petition. As the plurality opinion stated:

> The referee not only functions as the factfinder in the workmen's compensation adjudicatory system, he or she is also charged with making a record of hearing,

and such findings of fact and conclusions of law "as the petition and answers and the evidence produced before him and the provisions of this act shall, in his judgment, require." 77 P.S. § 883. Appeals are taken on the basis of the record produced before the referee and that record is necessarily limited to the claim petition, the answers, and the evidence. Legal issues and facts not presented to the referee cannot be asserted on appeal without sacrificing the integrity, efficiency and orderly administration of the workmen's compensation scheme of redress for work-related injury and occupational disease. The administrative law tribunal, here, the referee, was not given the opportunity to address the [issue].

*Id.* at 532, 522 A.2d at 29.

However, four of the justices in *DeMarco* specifically disagreed that the doctrine of waiver should be strictly applied in workers' compensation proceedings and was not the law of Pennsylvania. Recently, in *Williams v. Workmen's Compensation Appeal Board (Green Construction Co.),* 687 A.2d 428 (Pa. Cmwlth.1997), we considered whether the plurality opinion of *DeMarco* had become the dominant view. Reviewing *DeMarco,* we stated:

> In his reply brief to this Court, Claimant argues that in *DeMarco v. Jones & Laughlin Steel Corporation* (citation omitted), a majority of the justices on our Supreme Court stated that the waiver rules should not be strictly enforced in workers' compensation matters and, therefore, Claimant's failure to argue res judicata to the WCJ did not preclude him from subsequently raising that issue.
>
> We first recognize that *DeMarco* is a plurality opinion of our Supreme Court, and is therefore not precedential. Specifically, the Justices could not reach a consensus regarding the question of whether to strictly apply the doctrine of waiver in workers' compensation cases. In an opinion announcing the judgment of the Court

---

4. Our scope of review of a decision of the Board is limited to a determination of whether constitutional rights have been violated, errors of law committed, or whether the findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

joined by Justice Papadakos, Justice Larsen would have held that the employer had waived the defense of res judicata by failing to raise it in the first instance before the WCJ. Four justices, however, specifically disagreed with that conclusion.

Justice Flaherty's concurring opinion, in which Justice Hutchinson and Chief Justice Nix joined, provided as follows:

> I would hold that matters raised within the aegis of the workmen's compensation administrative scheme are not waived simply because they were not first raised to the [WCJ], and that matters may be considered on appeal so long as they were raised *within the administrative process.*

*Id.* at 533, 522 A.2d at 30 (Flaherty, J., concurring) (emphasis in original).

Similarly, Justice Hutchinson, in a concurring opinion joined by Justice McDermot, stated:

> I disassociate myself from any implication that the strict doctrine of waiver applicable to trials applies in the workmen's compensation proceedings. These proceedings are informal and the technical rules of procedure are relaxed.

*Id.* at 534, 522 A.2d at 30 (Hutchinson, J., concurring).

Recently, however, in an opinion authored by *Justice Flaherty,* our Supreme Court held that an employer's failure to timely raise the statute of limitations defense of Section 413 of the Workers' Compensation Act constituted a waiver of that issue and *cited with approval the plurality decision in DeMarco. See Smith v. Workmen's Compensation Appeal Board (Concept Planners & Designers),* 543 Pa. 295, 670 A.2d 1146 (1996). Hence, it is apparent that notwithstanding the views expressed in *DeMarco,* our Supreme Court *now* would hold that the waiver doctrine *is* applicable in workers' compensation proceedings.

*Williams,* 687 A.2d at 430–31, n. 2.

Apparently, then, the plurality opinion of *DeMarco* has become the accepted view in this Commonwealth and, as a result, the strict doctrine of waiver is applicable in workers' compensation proceedings. Accordingly, we held that the claimant had waived the defense not raised before the WCJ.

Because Claimant here raised the issue of geographic unavailability for the first time before the Board, and neither raised that issue in his answer to Employer's petition to suspend nor in the record before the WCJ, that issue was waived.[5] Accordingly, the decision of the Board is affirmed.

### ORDER

AND NOW, this 8th day of September, 1997, the November 7, 1996 order of the Workers' Compensation Appeal Board, No. A94–2074, is affirmed.

---

5. Though the Board erred in considering that issue, because it granted Employer's suspension on other grounds, that was harmless error.