**Edwin MEARION, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (FRANKLIN SMELTING & REFINING COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 31, 1997.

Decided Dec. 19, 1997.

Albert L. Deutsch, Philadelphia, for petitioner.

Anthony J. Bilotti, Philadelphia, for respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

██ The question in this appeal is whether an issue not raised before the Workers' Compensation Judge (WCJ) has been waived or whether it may be raised for the first time on appeal. Because we conclude that such an issue has been waived, we affirm the decision of the Workmen's Compensation Appeal Board (Board).[1]

Edwin Mearion (Claimant) appeals the Board's order, which affirmed the decision of the WCJ that granted Franklin Smelting and Refining Company's (Employer) petitions for termination of Claimant's benefits and medical care, which Claimant was receiving pursuant to the Workers' Compensation Act (Act).[2]

██ The relevant facts are as follows. In March 1989, Claimant suffered a work-related injury for which Employer paid benefits under the Act. In November 1989, Employer filed a petition to terminate Claimant's benefits and a petition to review medical treatment. The petitions were denied by Judge Olin, who concluded that Claimant had a herniated disk at L5–S1 and remained disabled.

In July 1992, Employer again filed a petition for termination and a petition to review medical treatment, alleging that Claimant was fully recovered from his work injury as of May 26, 1992, and that Claimant's medical care was not reasonable nor necessary as of May 26, 1992. This second petition was assigned to a different WCJ, Judge Makin, who granted Employer's petitions based upon her determination that Employer's medical wit-

---

1. Our scope of review is limited to a determination of whether constitutional rights were violated, errors of law were committed, or essential findings of fact were unsupported by substantial competent evidence. *Kelly v. Workmen's Compensation Appeal Board (DePalma Roofing and S.W.I.F.)*, 669 A.2d 1023, 1025 n. 5 (Pa.Cmwlth.

1995), *appeal denied*, 546 Pa. 686, 686 A.2d 1314 (1996).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

nesses were more credible and persuasive than Claimant and Claimant's medical witnesses. Judge Makin also found, at Finding of Fact No. 7, that there was no evidence of disk herniation, contrary to Judge Olin's finding in the prior proceeding.

The most significant aspect of the proceedings before Judge Makin, however, was the fact that *Claimant did not raise the issue of whether Judge Olin's finding of disk herniation in the first termination proceeding was binding on Judge Makin in the second proceeding under the doctrine of res judicata.*

Judge Makin's June 23, 1994 decision granting Employer's petitions was appealed by Claimant to the Board. Claimant's appeal to the Board also did not raise the *res judicata* issue, instead asserting only that Judge Makin's decision was not supported by substantial evidence. The Board affirmed the WCJ on the grounds that credibility determinations had been resolved in favor of Employer and that there was sufficient competent evidence to support a termination of Claimant's benefits and medical treatment.

On appeal to this Court, Claimant argues that the Board erred as a matter of law because the determination by the WCJ at the first termination proceeding that Claimant remained disabled by a herniated disk was *res judicata* at the second termination proceeding. Therefore, argues Claimant, the WCJ at the second proceeding was not free to determine that Claimant did not suffer from a herniated disk.

Conversely, Employer argues that Claimant has waived the *res judicata* argument because it was not raised before the WCJ in the second proceeding.

In *Dobransky v. Workers' Compensation Appeal Board (Continental Baking Company)*, 701 A.2d 597 (Pa.Cmwlth.1997), this Court held that the plurality opinion of *De-Marco v. Jones & Laughlin Steel Corporation*, 513 Pa. 526, 522 A.2d 26 (1987), a case

in which the Justices of our Supreme Court disagreed as to whether the doctrine of waiver applies to workers' compensation proceedings, is now the accepted view in this Commonwealth and that *the strict doctrine of waiver is applicable to workers' compensation proceedings.*

Specifically, *Dobransky* held that an issue not raised before the WCJ has been waived. This case is indistinguishable from *Dobransky,* and Claimant's *res judicata* argument has therefore been waived.[3] The Board did not commit an error of law.[4]

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 19th day of December, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

LEADBETTER J., did not participate in the decision in this case.

---

**3.** We note that not only did Claimant fail to raise the *res judicata* issue before the WCJ, but he also failed to raise it *before the Board.* *If,* in this case, Claimant had raised res judicata before the WCJ (which he did not), the issue would still not be preserved for review by this Court because failure to raise an issue before the Board constitutes

a failure to preserve that issue for review by this Court. *Kelly.*

**4.** Note also that we do not reach the merits of whether the WCJ in the second proceeding was bound by *res judicata,* because the issue has been waived, as discussed herein.