# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ponciano Vargas, Sr.,                                      :
                                    Petitioner       :
                                                     :    No. 2315 C.D. 2015
                    v.                               :
                                                     :    Submitted:  May 13, 2016
Workers' Compensation  Appeal                        :
Board (Pietro Industries, Inc.),                     :
                                    Respondent       :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                FILED:  October 14, 2016

Ponciano Vargas, Sr. (Claimant) petitions for review of the November 3, 2015 order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ) denying Claimant's petition to review compensation benefits and granting the termination petition filed by Pietro Industries, Inc. (Employer).

Employer employed Claimant as a laborer at its mushroom farm. On January 16, 2013, as Claimant was on scaffolding washing boards for seeding with a pressure hose, his left foot slipped causing his right knee to bend and his body to twist. Claimant did not fall to the ground but was left hanging from the scaffolding. Claimant experienced immediate low back pain that radiated through his right leg and down to his foot. Claimant also described his right foot as having fallen asleep.

Claimant was taken to the hospital and later had surgery on his back. (WCJ's Findings of Fact Nos. 7a-b, 8b.)

Employer issued a notice of temporary compensation payable (NTCP) on February 4, 2013, which later converted to a notice of compensation payable (NCP), recognizing Claimant's injury as a lower back strain. On April 25, 2013, Claimant filed a claim petition alleging that he sustained an injury to his lower back with right lower extremity radiculopathy on January 16, 2013. Claimant sought payment of total disability benefits and medical expenses, as well as counsel fees, from Employer. Employer filed an answer admitting that Claimant sustained a lower back strain, which it acknowledged by way of the NTCP that converted to an NCP, but denying all other allegations. The matter was assigned to the WCJ. At a subsequent hearing before the WCJ, Claimant amended his claim petition to a petition to review compensation benefits alleging an incorrect description of his work injury. (WCJ's Findings of Fact Nos. 1-3.)

During the course of litigation, on February 10, 2014, Employer filed a termination petition alleging that Claimant had fully recovered from his work-related injury as of November 11, 2013, and was capable of returning to work without restrictions. Claimant filed an answer denying this allegation and the matter was consolidated with Claimant's pending review petition. (WCJ's Finding of Fact No. 4.)

Claimant submitted deposition testimony from October 24, 2013, relating a history of his work injury and his ongoing complaints of pain. Claimant stated that he underwent back surgery, but that the surgery did not relieve his symptoms. Claimant noted that his attorney referred him to Daisy Rodriguez, M.D. He described continuing numbness in his right leg and foot, which results in balance

2

problems, and pain in his back.  Claimant acknowledged that he suffered a prior work injury to his knee in 2009 but denied any injury to his back.  Claimant said that he eventually agreed to settle his 2009 work injury for a lump sum and he returned to work.  (WCJ's Findings of Fact, Nos. 7a-g.)

Claimant presented the October 7, 2013 deposition testimony of Dr. Rodriguez, who is board-certified in internal medicine and in independent medical examinations.  Dr. Rodriguez testified that she first saw Claimant on May 23, 2013, at which time he presented with a chief complaint of severe lower back pain that radiated down his right side, as well as pain in his upper back and neck areas.  Dr. Rodriguez obtained a history of Claimant's prior and current work injury and his medical treatment, including a laminectomy on April 25, 2013.  (WCJ's Findings of Fact Nos. 6a-c.)

With respect to the 2009 work injury, for which she also treated Claimant, Dr. Rodriguez noted injuries to Claimant's knees and back, including a cervical and thoracic strain and sprain.  She referenced a November 8, 2010 MRI that documented an L5-S1 herniation and protrusions at L3-4 and L4-5 with canal stenosis and narrowing of the bilateral foramina.  She also noted a March 16, 2011 EMG that documented bilateral radiculopathy at L4 and L5, left more than right.  (WCJ's Finding of Fact No. 6c.)

Dr. Rodriguez testified that a February 14, 2013 MRI of Claimant's spine revealed severe central canal narrowing at L3-4 secondary to a right central/paracentral disc protrusion and severe bilateral facet arthropathy, and that a June 5, 2013 MRI revealed bulging discs at C3-4, C6-7, T5-6, T6-7, and T11-12.  She also noted that a later EMG revealed bilateral radiculopathy at L5 and S1, which she described as slightly different from the 2011 EMG, which made no mention of S1.

3

She opined that Claimant's condition was causally related to his 2013 work accident and that Claimant cannot return to his pre-injury job. On cross-examination, Dr. Rodriguez explained that her causation opinion was based on Claimant landing forcefully on his buttocks and experiencing immediate pain. (WCJ's Findings of Fact Nos. 6d-k.)

Employer presented the deposition testimony of Gene Salkind, M.D., who is board-certified in neurological surgery. Dr. Salkind testified that he examined Claimant on November 11, 2013, at which time he obtained a history of Claimant's work injury and reviewed Claimant's medical records. Dr. Salkind noted that said history included Claimant bending his right knee and twisting his body, but not falling to the ground. He also noted Claimant's April 25, 2013 decompressive laminectomy on the right at L3 with a right L3-4 discectomy. Dr. Salkind stated that Claimant reported central lower back pain, but made no mention of neck pain or complaints referable to his thoracic spine. Claimant also denied any prior history of lower back pain or any prior work-related injuries. (WCJ's Findings of Fact Nos. 8a-c.)

Dr. Salkind described Claimant as exhibiting multiple instances of symptom magnification and not being honest about his weakness or his sensory loss. For example, Dr. Salkind testified that Claimant's reflexes were symmetrical, which meant that the nerve root arc of L4 through S1 was intact and was contrary to what Claimant was attempting to portray during examination. Dr. Salkind reviewed a 2010 MRI which revealed degenerative disc disease, herniations at L3-4 and L4-5, and canal stenosis at L3-4. He attributed these results to arthritic changes due to the normal aging process. He also reviewed Claimant's 2013 studies and noted that the 2013 EMG showed evidence of bilateral radiculopathy that did not correlate with the

4

MRI which formed the basis for Claimant's surgery. More specifically, Dr. Salkind explained that L3-4 pathology would not give rise to radiculopathy at L5 or S1. He also found no evidence of radiculopathy upon examination. He noted that none of the 2013 studies referenced an acute herniation and opined that Claimant suffered from degenerative disc disease. (WCJ's Findings of Fact Nos. 8d-i.)

Dr. Salkind further opined that, at most, Claimant sustained a lumbar sprain and strain as a result of the January 2013 work incident, from which he had fully recovered as of the date of his examination, and that Claimant's condition, including the April 2013 surgery, was not causally related to that incident. (WCJ's Findings of Fact Nos. 8j-k.)

In response, Claimant presented further deposition testimony from Dr. Rodriguez obtained on April 21, 2014. Dr. Rodriguez continued to opine that Claimant's condition was work-related and that he was not fully recovered. Dr. Rodriguez noted that Claimant was released to return to work with restrictions on September 10, 2013. Dr. Rodriguez further testified that Claimant was last seen in 2012 for his 2009 work injury and that he had restrictions but was not released to work. (WCJ's Findings of Fact Nos. 9a-b.)

Claimant also testified before the WCJ at a May 13, 2014 hearing. Claimant stated that he still experiences strong pain in his lower back and numbness on his right side and that he continues to receive treatment for his condition. Claimant indicated that he could not return to work because his job requires a lot of walking in humid conditions, bending, and squatting. He further noted that Dr. Rodriguez had never advised him that he was capable of performing any type of work. (WCJ's Findings of Fact Nos. 10a-c.)

Ultimately, the WCJ issued a decision and order denying Claimant's review petition and granting Employer's termination petition. The WCJ concluded that Claimant failed to meet his burden of proving that he sustained a work injury other than a lumbar strain as documented in the NCP. Conversely, the WCJ concluded that Employer had met its burden of proving that all disability related to the January 16, 2013 work injury had ceased and terminated as of November 11, 2013. The WCJ also concluded that Employer's contest was reasonable.

In reaching these conclusions, the WCJ specifically rejected Claimant's testimony of ongoing complaints and disability as neither credible nor persuasive. The WCJ noted that Claimant had significant injuries to his low back, with radiculopathy, prior to the January 16, 2013 work incident. The WCJ referenced Claimant's 2009 work injury, which he was last treated for in 2012 and from which he was never released to return to work. The WCJ also noted that Claimant provided Dr. Salkind with an inaccurate history regarding this injury, describing only a knee injury, when in fact he suffered a back injury with radiculopathy. Further, the WCJ explained that his rejection of Claimant's testimony was based on his observation of Claimant's demeanor while testifying.

The WCJ specifically credited the testimony of Dr. Salkind and rejected any contrary testimony of Dr. Rodriguez. The WCJ noted Dr. Salkind's expertise as a board-certified neurological surgeon and his more thorough review of Claimant's records, studies, and MRI films, as compared to Dr. Rodriguez' sole review of the films from a single 2013 lumbar MRI. Moreover, the WCJ explained that Dr. Rodriguez' opinion on causation was predicated on her understanding that Claimant landed forcefully on his right knee and buttocks on January 16, 2013, which was not supported by Claimant's testimony or the history he provided to Dr. Salkind. To the

6

contrary, the WCJ stated that the record established that Claimant never landed on the ground after he slipped. Furthermore, the WCJ found that neither Claimant's testimony nor the history provided to Dr. Salkind established injuries to his neck or his upper back/thoracic spine.

Claimant appealed to the Board, but the Board affirmed the WCJ's decision and order.

On appeal to this Court,[1] Claimant first argues that the Board erred in affirming the WCJ's decision because it was not supported by substantial evidence. Claimant also argues that the WCJ failed to issue a reasoned decision because her credibility determinations were arbitrary and capricious and so fundamentally dependent on a misapprehension of material facts as to render those findings irrational when the record is reviewed as a whole. However, before we reach the merits, we must address Employer's argument that Claimant waived his reasoned decision argument by failing to raise it before the Board.

We agree with Employer that this issue was waived. In his appeal to the Board, Claimant only alleged that certain findings by the WCJ were not supported by substantial evidence and that certain conclusions of law were in error. Claimant never alleged that the WCJ's decision was not reasoned. The law is well settled that issues not raised before the Board are waived and will not be heard for the first time on appeal to this Court. *Brown v. Workers' Compensation Appeal Board (Knight Ridder, Inc./Philadelphia Newspapers, Inc.)*, 856 A.2d 302, 308 (Pa. Cmwlth. 2004);

---

[1] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

7

*Mearion v. Workers' Compensation Appeal Board (Franklin Smelting & Refining Co.)*, 703 A.2d 1080, 1081 (Pa. Cmwlth. 1997).

We now turn to Claimant's argument that the WCJ's decision was not supported by substantial evidence.

We begin by reviewing the applicable burdens. With respect to a review petition, the party seeking to correct an allegedly incorrect description of an injury on an original NCP "bears the burden to prove that a material mistake of fact or law was made at the time the [NCP] was issued." *Young v. Workers' Compensation Appeal Board (Am-Gard)*, 816 A.2d 1236, 1240 (Pa. Cmwlth. 2003) (citations omitted). With respect to a termination petition, the employer bears the burden of proving that the claimant fully recovered from his work injury, that he can return to work without restrictions, and that there are no objective medical findings that either substantiate claims of pain or connect them to the work injury. *Weismantle v. Workers' Compensation Appeal Board (Lucent Technologies)*, 926 A.2d 1236, 1238 (Pa. Cmwlth. 2007) (citing *Udvari v. Workmen's Compensation Appeal Board (US Air, Inc.)*, 705 A.2d 1290, 1293 (Pa. 1997)).[2]

---

[2] Our Supreme Court explained in *Udvari* as follows:

> We must keep in mind that the employer bears the burden of proof in a termination proceeding to establish that the work injury has ceased. In a case where the claimant complains of continued pain, this burden is met when an employer's medical expert unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without any restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury.

*Udvari*, 705 A.2d at 1293.

In the present case, Dr. Salkind testified that his physical examination of Claimant was "fraught with dramatic signs of symptom magnification and embellishment." (Deposition of Dr. Salkind at 13.) While Claimant reported central lower back pain and tingling, numbness, and weakness in his right leg, Dr. Salkind stated that he did not feel that Claimant was being truthful about his weakness or his sensory loss. *Id.* at 11, 15. Perhaps more importantly, he noted that Claimant denied any prior history of lower back pain or any prior work-related injuries. *Id.* at 12. Dr. Salkind did not believe that Claimant had "any concrete neurological deficits" as of the date of his examination. *Id.* at 16.

Dr. Salkind noted that a 2010 MRI revealed degenerative disc disease, herniations at L3-4 and L4-5, and canal stenosis at L3-4, which he attributed to arthritic changes due to the normal aging process. *Id.* at 18-19. When comparing this 2010 MRI to a 2013 MRI, he described the two MRIs as "virtually identical," with no evidence of an acute herniation related to the January 16, 2013 work incident. *Id.* at 21. He also noted that a 2013 EMG showed evidence of bilateral radiculopathy that did not correlate with the 2013 MRI which formed the basis for Claimant's surgery. *Id.* at 21-22. Additionally, Dr. Salkind stated that he found no signs of radiculopathy upon examination. *Id.* at 29.

Based upon his physical examination of Claimant and review of Claimant's medical records, including the actual films of Claimant's diagnostic studies, Dr. Salkind opined that, at most, Claimant sustained a lumbar sprain and strain as a result of the January 2013 work incident, from which he had fully recovered as of the date of his examination. *Id.* at 24-25. He further opined that Claimant could return to work without restrictions and that Claimant's condition, including the April 2013 surgery, was not causally related to that incident. *Id.* at 26.

The WCJ specifically credited the testimony of Dr. Salkind. Because this credible testimony constitutes substantial evidence in support of the WCJ's decision, the Board did not err in affirming the same.

Accordingly, the order of the Board is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ponciano Vargas, Sr.,            :
         Petitioner        :
                         :   No. 2315 C.D. 2015
         v.            :
                         :
Workers' Compensation  Appeal  :
Board (Pietro Industries, Inc.),   :
         Respondent    :

## *ORDER*

AND NOW, this 14th day of October, 2016, the order of the Workers'

Compensation Appeal Board, dated November 3, 2015, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge