IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Irwin Stein,                              :
                    Petitioner            :
                                          :
              v.                          :  No. 782 C.D. 2016
                                          :  Submitted: November 4, 2016
Workers' Compensation Appeal              :
Board (School District of Philadelphia),  :
                    Respondent            :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                        FILED: February 13, 2017

          Irwin Stein (Claimant) petitions for review of an adjudication of the

Workers' Compensation Appeal Board (Board) that affirmed the decision of the

Workers' Compensation Judge (WCJ) to suspend Claimant's disability

compensation. The WCJ so held because she found that Claimant had voluntarily

left the labor market by retiring. For the following reasons, we affirm.

          Claimant worked for the School District of Philadelphia (Employer)

as a physical education teacher and swim instructor. On September 25, 2003, he

sustained a work injury to his neck, left shoulder and arm.[1] WCJ Decision

(7/21/2015) at 3, Finding of Fact No.1; Reproduced Record at 116 (R.R. __).

_____

[1] The Notice of Temporary Compensation Payable, which Employer issued following Claimant's
injury, recognized Claimant's work injuries as "cervical strain/sprain[,] left wrist sprain[,] [and]
facial contusion." Reproduced Record at 1 (R.R. __). On June 24, 2008, Claimant filed a review
petition seeking to expand the description of injuries. The parties agreed to amend the
description to include left upper extremity cervical radiculopathy and cervical chronic pain
syndrome. R.R. 82-83.

Employer issued a Notice of Temporary Compensation Payable, paying a weekly compensation rate of $675. Claimant did not collect those benefits. Instead, Claimant continued to receive his regular salary from Employer for approximately one year pursuant to a wage continuation provision in the collective bargaining agreement. He then applied for and received a disability pension and Social Security retirement. In 2006, Claimant filed a petition to reinstate his workers' compensation benefits. The matter was assigned to a WCJ, who ordered Employer to pay Claimant disability compensation retroactive to September 25, 2003, plus interest. WCJ Decision (6/13/2007) at 1; R.R. 9. Claimant has not returned to work since the injury.

On August 23, 2007, Dr. Anthony Puglisi, a board-certified orthopedic surgeon, conducted an independent medical examination of Claimant. He opined that Claimant was capable of performing light duty work. Employer then filed a petition to suspend Claimant's compensation benefits as of August 23, 2007, the date when Employer alleged that Claimant had voluntarily retired and removed himself from the labor market. The matter was assigned to WCJ Thomas Devlin, who held an evidentiary hearing. Both Employer and Claimant appeared and presented evidence.

Employer submitted the medical deposition of Dr. Puglisi, who opined that Claimant suffered left upper extremity radiculopathy and decreased sensation in the C-6 distribution, both of which were causally related to his work injury. Dr. Puglisi testified that Claimant was capable of working in a light-duty position with a 15 to 20-pound lifting restriction but with no restriction on his ability to sit, stand, walk, or drive.

2

In response, Claimant submitted the medical deposition of Dr. Sofia Lam, a board certified anesthesiologist with a subspecialty in pain management, who has been treating Claimant for his injury since 2007. Dr. Lam diagnosed Claimant with cervical radicular symptomology with a cervical facet joint pathology and brachial plexopathy related to his work injury. She did not expect Claimant to improve and opined that he was unable to return to any type of work.

Claimant also testified before WCJ Devlin. He explained that he applied for the disability pension because Employer told him that he should either return to work or retire. Notes of Testimony, 2/13/2009, at 20 (N.T.__); R.R. 48. Given his work injuries, Claimant had no expectation of being able to return to work; however, he did not want to be left with no income. Claimant testified that he did not intend to retire when he applied for the disability pension. He further testified that Employer did not inform him that he was eligible for workers' compensation benefits. Regarding his injury, Claimant testified that over the years, the pain in his neck, left shoulder, and left arm has become worse. He suffers intense headaches; does not sleep well; and is always in pain. He testified that his treating doctors have not released him to return to work and he cannot work because his medications "whack [him] out." N.T. 30; R.R. 58. Claimant acknowledged that he declined inquiries from potential employers in a camping business, where he had worked prior to his work injury.[2] He testified that he has reviewed job posts in newspapers but concluded he was physically unable to

---

[2] Claimant testified that he left teaching in 1981 and became a full-time camp director. He travelled and lived at the camps; hired staff members; and maintained the camps. Claimant testified that he represented four camps, one of which was the "Sixers" camp, presumably referring to the Philadelphia 76ers. Claimant returned to teaching in 1992. N.T. 8-10; R.R. 36-38.

3

perform any of them. He further testified that he has not sought employment since his work injury in 2003 because he "[had not] felt well enough." N.T. 36; R.R. 64..

WCJ Devlin granted Employer's suspension petition, finding that Claimant intended to retire from his employment. WCJ Decision (6/22/2009) at 4-5; R.R. 76-77. Claimant appealed to the Board, which remanded the decision for additional findings. On remand, the matter was assigned to WCJ Francine Lincicome, who again granted Employer's suspension petition after finding that Claimant had voluntarily withdrawn from the workforce. Claimant appealed again. Relying on our Supreme Court's decision in *City of Pittsburgh v. Workers' Compensation Appeal Board (Robinson)*, 67 A.3d 1194 (Pa. 2013), the Board concluded that the WCJ erred by placing the burden on Claimant to prove that he was seeking employment or had been forced to retire from the workforce. The Board noted that Claimant did not testify that he voluntarily withdrew from the workforce. His receipt of a disability pension, by itself, did not establish that his retirement was voluntary. The Board remanded the matter, holding that Employer had to establish, by a totality of the circumstances, that Claimant voluntarily withdrew from the workforce.

On July 21, 2015, WCJ Lincicome, on second remand, again granted Employer's suspension petition. In doing so, she credited Dr. Puglisi's testimony that Claimant was capable of working in a light-duty position. She found Claimant's testimony regarding his inability to return to the workforce "neither credible nor persuasive." WCJ Decision (7/21/2015) at 4, Finding of Fact No. 6; R.R. 117. The WCJ concluded that Employer met its burden of proving that Claimant had voluntarily left the workforce because Claimant testified that he

4

received a disability pension and Social Security retirement benefits. In addition, he admitted that he had declined inquiries from potential employers and had not been seeking employment of any type. Once Employer met its initial burden of proof, the burden then shifted to Claimant to prove either that he had been forced from the entire workforce by his injury or that he was actively seeking employment. The WCJ concluded that Claimant failed to meet this burden, citing *Robinson,* 67 A.3d 1194. The WCJ suspended Claimant's workers' compensation benefits effective August 23, 2007.

Claimant appealed, arguing that WCJ Lincicome erred in granting the suspension petition. Claimant contended that the WCJ again misapplied the burden of proof; did not render a reasoned decision; and failed to find Employer in violation of the notice requirements under Section 306(b) of the Workers' Compensation Act (Act).[3] The Board affirmed, observing that the evidence that WCJ Lincicome cited in her decision, including Claimant's receipt of the disability pension and his testimony that he had not sought employment since his work injury, are examples of objective evidence of retirement under *Robinson*. Accordingly, the Board held that the WCJ did not err in concluding that, under the totality of the circumstances, Employer met its burden of proving that Claimant had retired. Board Adjudication (4/18/2016) at 11; R.R. 135. The Board agreed with the WCJ that Claimant failed to prove that he had been forced from the entire

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 4 of the Act of June 24, 1996, P.L. 350, 77 P.S. §512(3). Section 306(b)(3) of the Act requires that an employer seeking to modify or suspend a claimant's benefits must supply the claimant with a notice disclosing to the claimant his rights and obligations following the issuance of a medical release. 77 P.S. §512(3). The form prescribed by Section 306(b)(3) is called a "Notice of Ability to Return to Work." *Allegis Group (Onsite) v. Workers' Compensation Appeal Board (Henry)*, 882 A.2d 1, 4 (Pa. Cmwlth. 2005).

5

workforce by his injury or that he was actually seeking employment. The Board rejected Claimant's argument that the WCJ did not issue a reasoned opinion, explaining that she was not required to explain "both sides of a credibility determination." *Id.* at 10; R.R. 134. It also rejected Claimant's argument that Employer did not comply with the notice requirements under Section 306(b) of the Act for the stated reason that the argument was waived; the issue was not presented to the WCJ. Claimant now petitions this Court for review.[4]

On appeal, Claimant argues that the Board erred in determining that he had an obligation to seek employment because Employer failed to supply him with a Notice of Ability to Return to Work, as required by Section 306(b)(3) of the Act, 77 P.S. §512(3). He also argues that the WCJ failed to issue a reasoned decision. Finally, Claimant argues that the Board erred in concluding that Employer met its burden to establish that Claimant had voluntarily removed himself from the workforce.

In his first issue, Claimant argues that the Board erred because Employer did not supply him with a Notice of Ability to Return to Work as required by Section 306(b) of the Act. He explains that Employer sought to introduce the notice into evidence at the second remand before WCJ Lincicome, and Claimant objected to its admission. The WCJ directed the parties to brief the issue and indicated a ruling on the objection would be made; however, her

---

[4] This Court's review of an order of the Board is to determine whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated, or whether an error of law was committed. *Cytemp Specialty Steel v. Workers' Compensation Appeal Board (Crisman)*, 39 A.3d 1028, 1033 n.6 (Pa. Cmwlth. 2012).

6

decision, which has now been appealed, did not contain such a ruling. Claimant's Brief at 8.

Section 306(b)(3) requires the employer to notify a claimant when it has medical evidence that the claimant is able to work in some capacity. It states:

> (3) If the insurer receives medical evidence that the claimant is able to return to work in any capacity, then the insurer must provide prompt written notice, on a form prescribed by the department, to the claimant, which states all of the following:
>
> > (i) The nature of employe's physical condition or change of condition.
> >
> > (ii) That the employe has an obligation to look for available employment.
> >
> > (iii) That proof of available employment opportunities may jeopardize the employe's right to receipt of ongoing benefits.
> >
> > (iv) That the employe has the right to consult with an attorney in order to obtain evidence to challenge the insurer's contentions.

77 P.S. §512(3). This Court has held that compliance with Section 306(b)(3) of the Act is a threshold burden an employer must satisfy to obtain a modification or suspension of a claimant's benefits. *Allegis Group (Onsite) v. Workers' Compensation Appeal Board (Henry)*, 882 A.2d 1, 4 (Pa. Cmwlth. 2005).

Regardless of whether WCJ Lincicome admitted the Notice of Ability to Return to Work into evidence, Claimant did not assert, at the earliest available opportunity, that Employer did not give him the notice. As this Court observed in *Dobransky v. Workers' Compensation Appeal Board (Continental Baking Company)*, 701 A.2d 597, 600 (Pa. Cmwlth. 1997), the doctrine of waiver is applicable in workers' compensation proceedings. A party may not present on

7

appeal issues that were not first presented to the WCJ. *Id.* at 600. Therefore, we agree with the Board that Claimant waived this issue by not first presenting it to either WCJ Devlin or WCJ Lincicome.[5]

Claimant argues, next, that WCJ Lincicome did not issue a reasoned decision. Claimant explains that he testified about how his work injuries had impacted him over the years and, thus, precluded him from returning to his pre-injury work. The WCJ's findings that Claimant declined to entertain inquiries from potential employers and chose to remove himself from the workforce were not supported by evidence and conflicted with this testimony. Claimant's Brief at 38; 41. Claimant argues that the WCJ never observed him; therefore, she should have explained in her decision why she found his testimony not credible. Claimant's Brief at 42. We disagree.

Section 422 of the Act provides that a reasoned decision is one that contains "findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the [WCJ's] decisions...." 77 P.S. §834. The WCJ must specify the evidence upon which she relied in making her decision. Such statements and explanations allow all parties to determine "why and how a particular result was reached." *Id.*

It is well established that a WCJ, as a fact finder, has "exclusive province over questions of credibility and evidentiary weight, and the [WCJ]'s findings will not be disturbed when they are supported by substantial, competent

---

[5] It is unclear whether Employer gave Claimant a Notice of Ability to Return to Work. WCJ Lincicome did not make a factual finding regarding the issuance or receipt of such a notice. Nor did she make a ruling on Claimant's challenge to the admissibility of the document in the decision that has now been appealed. There are no hearing transcripts from which we may determine whether the notice was admitted into evidence.

evidence." *Greenwich Collieries v. Workers' Compensation Appeal Board (Buck)*, 664 A.2d 703, 706 (Pa. Cmwlth. 1995). The WCJ "is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Id.* Moreover, where both parties present evidence, it is irrelevant that the record contains evidence which supports a finding contrary to that made by the WCJ; rather, the pertinent inquiry is whether evidence exists that supports the WCJ's findings. *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152, 1155 (Pa. Cmwlth. 1998).

Here, WCJ Lincicome, on first remand, found Dr. Puglisi's testimony more credible than that of Dr. Lam, based on Dr. Puglisi's extensive records review, thorough physical examination of Claimant, and years of experience as an orthopedic surgeon treating injuries such as Claimant's. WCJ Decision (6/21/2011) at 4, Finding of Fact No. 4; R.R. 97. The WCJ adopted this finding on second remand and, accordingly, accepted Dr. Puglisi's testimony that Claimant was capable of working in a light-duty position. Consistent with the WCJ's decision to credit Dr. Puglisi's testimony, she did not accept Claimant's contrary opinion that he could not return to any type of work. Based on Claimant's admission that he had declined inquiries from potential employers and had not sought employment since his work injury, as well as his testimony that he received a pension and Social Security retirement benefits, the WCJ concluded that Claimant had retired, voluntarily removing himself from the workforce. Although Claimant testified that he did not intend to retire and he believed that he was unable to perform any type of work, the WCJ did not find that testimony credible. WCJ Decision (7/21/2015) at 4, Finding of Fact No. 6; R.R. 117. The pertinent inquiry is whether evidence exists that supports the WCJ's findings. *Hoffmaster*,

9

721 A.2d at 1155. Here, the WCJ explained the rationale for her decision, including her credibility determination. She specified the evidence upon which she had relied in making her determination. Accordingly, we conclude that the WCJ rendered a reasoned decision.

In his final issue, Claimant argues that the WCJ erred in concluding that Employer met its burden of proving that he had voluntarily removed himself from the workforce. His receipt of disability pension and Social Security retirement benefits did not establish a voluntary retirement. Claimant argues that his own testimony showed that he had no intent to retire, and that the WCJ did not consider the evidence under the totality of the circumstances analysis.

We begin with a review of the relevant law. Generally, an employer has a responsibility to "try to reintroduce into the workforce those employees injured while pursuing the employer's interests." *Landmark Constructors, Inc. v. Workers' Compensation Appeal Board (Costello)*, 747 A.2d 850, 854 (Pa. 2000). An employer seeking to suspend disability compensation must establish that (1) the claimant's medical condition has changed, and (2) either the claimant was referred to open positions and failed to follow through in good faith, or work is generally available to the claimant. *City of Pittsburgh v. Workers' Compensation Appeal Board (Robinson)*, 4 A.3d 1130, 1134 (Pa. Cmwlth. 2010), *aff'd*, 67 A.3d 1194 (Pa. 2013).

However, an employer need not prove that suitable work is available if the claimant has voluntarily removed himself from the labor market by retiring. An employer that can demonstrate a claimant has voluntarily retired is entitled to a suspension of benefits. In determining whether a claimant has voluntarily retired,

10

the WCJ must consider the totality of the circumstances. Our Supreme Court has explained:

> Where the employer challenges the entitlement to continuing compensation on grounds that the claimant has removed himself or herself from the general workforce by retiring, the employer has the burden of proving that the claimant has voluntarily left the workforce. There is no presumption of retirement arising from the fact that a claimant seeks or accepts a pension, much less a disability pension; rather, the worker's acceptance of a pension entitles the employer only to a permissive inference that the claimant has retired. Such an inference, if drawn, is not on its own sufficient evidence to establish that the worker has retired—the inference must be considered in the context of the totality of the circumstances. The factfinder must also evaluate all of the other relevant and credible evidence before concluding that the employer has carried its burden of proof.
>
> If the employer produces sufficient evidence to support a finding that the claimant has voluntarily left the workforce, then the burden shifts to the claimant to show that there in fact has been a compensable loss of earning power. Conversely, if the employer fails to present sufficient evidence to show that the claimant has retired, then the employer must proceed as in any other case involving a proposed modification or suspension of benefits.

*City of Pittsburgh v. Workers' Compensation Appeal Board (Robinson)*, 67 A.3d 1194, 1209-10 (Pa. 2013). In sum, the employer bears the burden to establish that a claimant has voluntarily retired. The *Robinson* court further noted that the employer need not prove the claimant's subjective state of mind; rather, objective facts, such as "the claimant's receipt of a pension, the claimant's own statements relating to voluntary withdrawal from the workforce, and the claimant's efforts or non-efforts to seek employment," may establish his voluntary retirement. *Id*. at 1210.

11

We conclude that the WCJ did not err in concluding that Employer satisfied its burden to prove that Claimant had voluntarily removed himself from the labor market. As explained in *Robinson*, Employer satisfied its burden by proving objective facts, such as "the claimant's receipt of a pension, the claimant's own statements relating to voluntary withdrawal from the workforce, and the claimant's efforts or non-efforts to seek employment." *Id*. Although acceptance of a pension, on its own, is insufficient to establish a voluntary retirement, the WCJ considered that fact in the context of Claimant's testimony that he had declined inquiries from potential employers and stopped seeking employment since his work injury in 2003. Despite Claimant's testimony that he did not intend to retire, which in any event was discredited, Employer need not prove Claimant's subjective state of mind to establish a voluntary retirement. Taken as a whole, the WCJ did not err in finding that Claimant had retired and voluntarily chosen to remove himself from the workforce.

For all of the foregoing reasons, we affirm the Board's order.

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Irwin Stein,                              :
              Petitioner           :
                                            :
              v.                          :  No. 782 C.D. 2016
                                            :  Submitted: November 4, 2016
Workers' Compensation Appeal           :
Board (School District of Philadelphia), :
              Respondent          :

# **O R D E R**

AND NOW, this 13th day of February, 2017, the order of the Workers' Compensation Appeal Board dated April 18, 2016, in the above-captioned matter is hereby AFFIRMED.

 

_____
MARY HANNAH LEAVITT, President Judge