**Carlton WILLIAMS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (GREEN CONSTRUCTION CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 25, 1996.

Decided Jan. 8, 1997.

Ira H. Weinstock and Ronald T. Tomasko (on the brief), Harrisburg, for petitioner.

Edward H. Jordan, Jr., Harrisburg, for respondent.

Before DOYLE and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

Carlton Williams (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed an order of a Workers' Compensation Judge (WCJ) which had granted the termination petition of Green Construction Company (Employer).

Claimant sustained a work-related injury on May 2, 1987. On June 29, 1987, he filed a claim petition for workers' compensation alleging that he sustained an injury to his back, neck, and shoulders while in the course and scope of his employment and, by an order dated April 17, 1989, the WCJ granted $361 per week in total disability benefits to Claimant.

On December 3, 1990, Employer filed a termination petition in support of which Employer presented the testimony of Dr. Jason Litton, who examined Claimant in April of 1990 and concluded that Claimant's work-related injury had ceased. In response, Claimant offered the testimony of Dr. Dennis Gingrich, his treating physician, who testified that Claimant continued to suffer muscle and chronic pain syndrome and opined that Claimant had not recovered from his work-related injury. The WCJ found Dr. Gingrich's opinion to be more credible, and therefore, by order circulated May 15, 1992, the WCJ denied Employer's termination petition. No appeal was then taken from that order.

Approximately three months later, on August 28, 1992, Employer filed a second termination petition, based upon Dr. Litton's reexamination of Claimant on July 28, 1992. Dr. Litton testified that he reexamined Claimant on that date, and, consistent with his original testimony, concluded that Claimant had recovered **as of April 25, 1990.** Employer also offered the deposition testimony of Dr. Abram Hostetter, a psychiatrist, who conducted a psychiatric examination of Claimant on February 8, 1993, and concluded that Claimant had a borderline/paranoid personality which was not work-related.

In response, Claimant again offered the deposition testimony of Dr. Gingrich who stated that Claimant had still not recovered from the work-related injury. Claimant also offered the deposition of Dr. Lawrence Altaker, who stated that he examined Claimant on two occasions, agreed with Dr. Hostetter that Claimant had a borderline/paranoid personality, but could not state with a reasonable degree of certainty that this disorder was work-related.

By decision and order circulated February 8, 1995, the WCJ found that Dr. Litton was credible and that Employer had established that Claimant's work-related injury had ceased as of July 28, 1992, and, accordingly, granted Employer's termination petition. The WCJ also found that Claimant's psychological disorder was not work-related. Claimant then appealed to the Board, alleging only:

> Findings of Fact Nos. 13, 14, 15, and 20 are not supported by substantial, competent evidence, are inconsistent with the record and are inconstent [sic] with the Pennsylvania workers' compensation law.
>
> . . . .
>
> Conclusions of Law Nos. 1, 2, and 3 are erroneously not supported by substantial, competent evidence and [are] inconsistent

with the provisions of the Pennsylvania workers' compensation law.

(Appeal from WCJ's Findings of Fact and Conclusions of Law at 1; Reproduced Record at 168a.) In Claimant's **brief** to the Board, Claimant additionally argued that the WCJ erred in granting Employer's second termination petition pursuant to the doctrine of issue preclusion or res judicata.[1] Without addressing the res judicata issue, the Board affirmed on the basis that the WCJ's decision was supported by substantial, competent evidence. This appeal followed.

Claimant presents one issue on appeal: Whether the WCJ erred in failing to apply the doctrine of res judicata to Employer's second termination petition. In response, Employer argues that (1) Claimant has not preserved this issue on appeal, and (2) even if Claimant had preserved the issue, the WCJ's findings of fact are supported by substantial evidence and the doctrine of issue preclusion is not applicable to the instant case.

We turn first to the question of whether Claimant has waived the issue of res judicata. Employer argues that Claimant has waived this issue because he failed to present it on the record before the WCJ and failed to raise the issue **in his appeal** to the Board. We agree.

First, there is no evidence **of record** that Claimant argued before the WCJ that Employer's second termination petition should have been denied on the basis of res judicata. *See Ruhl v. Workmen's Compensation Appeal Board (Mac–It Parts, Inc.)*, 148 Pa. Cmwlth.294, 611 A.2d 327 (1992) (holding that the failure to present an issue to the WCJ bars a claimant from addressing that issue on appeal), *petition for allowance of appeal denied*, 533 Pa. 620, 619 A.2d 701 (1993).[2]

---

1. Claimant uses the terms, "issue preclusion" and "res judicata" interchangeably. In *McNeil v. Owens–Corning Fiberglas Corporation*, 545 Pa. 209, 213, 680 A.2d 1145, 1147–48 n. 2 (1996), our Supreme Court explained:

    'Res judicata' means 'a thing adjudged' or a matter settled by judgment. Traditionally, American courts have used the term res judicata to indicate claim preclusion, i.e., the rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and constitutes for them an absolute bar to a subsequent action involving the same claim, demand or cause of action.... This is distinguished from the traditional doctrine of collateral estoppel, or issue preclusion, which holds that when a particular issue has already been litigated, further action on the same issue is barred.... We have interpreted the 'modern doctrine of res judicata' as incorporating both claim preclusion, or traditional res judicata, and issue preclusion, or traditional collateral estoppel. (Citations omitted.)

2. In his reply brief to this Court, Claimant argues that in *DeMarco v. Jones & Laughlin Steel Corporation*, 513 Pa. 526, 522 A.2d 26 (1987), a majority of the justices on our Supreme Court stated that the waiver rules should not be strictly enforced in workers' compensation matters and, therefore, Claimant's failure to argue res judicata to the WCJ did not preclude him from subsequently raising that issue.

    We first recognize that *DeMarco* is a plurality opinion of our Supreme Court, and, is therefore not precedential. Specifically, the Justices could not reach a consensus regarding the question of whether to strictly apply the doctrine of waiver in workers' compensation cases. In an opinion announcing the judgment of the Court joined by Justice Papadakos, Justice Larsen would have held that the employer had waived the defense of res judicata by failing to raise it in the first instance before the WCJ. Four justices, however, specifically disagreed with that conclusion.

    Justice Flaherty's concurring opinion, in which Justice Hutchinson and Chief Justice Nix joined, provided as follows:

    I would hold that matters raised within the aegis of the workmen's compensation administrative scheme are not waived simply because they were not first raised to the [WCJ], and that matters may be considered on appeal so long as they were raised *within the administrative process*.

    *Id.* at 533, 522 A.2d at 30 (Flaherty, J., concurring) (emphasis in original).

    Similarly, Justice Hutchinson, in a concurring opinion joined by Justice McDermot, stated:

    I disassociate myself from any implication that the strict doctrine of waiver applicable to trials applies in workmen's compensation proceedings. These proceedings are informal and the technical rules of procedure are relaxed.

    *Id.* at 534, 522 A.2d at 30 (Hutchinson, J., concurring).

    Recently, however, in an opinion authored by **Justice Flaherty**, our Supreme Court held that an employer's failure to timely raise the statute of limitations defense of Section 413 of the Workers' Compensation Act constituted a waiver of that issue and **cited with approval the plurality decision in *DeMarco*.** *See Smith v. Workmen's Compensation Appeal Board (Concept Planners & Designers)*, 543 Pa. 295, 670 A.2d 1146 (1996). Hence, it is apparent that notwithstanding the

Second, Claimant's **appeal** to the Board does not specify that the WCJ erred in failing to apply the doctrine of res judicata. With regard to appeals to the Board, 34 Pa.Code § 111.11(a)(2) provides in relevant part:

(a) An appeal to the Board shall be filed with the Board on a form provided by the Board or on a form containing substantially the following information:

. . . .

(2) A statement of the particular grounds upon which the appeal is based, including reference to the specific findings of fact which are challenged and the errors of the law which are alleged. **General allegations which do not specifically bring to the attention of the Board the issues decided are insufficient.** (Emphasis added.)

As set forth above, Claimant's **appeal** to the Board only challenged the WCJ's Findings of Fact Nos. 13, 14, 15 and 20 and Conclusions of Law Nos. 1, 2 and 3. Findings of Fact Nos. 13–15 refer to Dr. Litton's testimony in which he stated that Claimant had recovered from his work-related injury; Finding of Fact No. 20 refers to Dr. Hostetter's opinion that Claimant's psychological disorder was not work-related. Conclusions of Law Nos. 1–3 state, in sum, that Employer met its burden under the termination petition while Claimant failed to establish that his psychological condition was work-related.

It is clear that **none** of the challenged findings of fact or conclusions of law refer to Employer's first termination petition, let alone the doctrine of res judicata. Accordingly, pursuant to Pa.R.A.P. 1551(a), Claimant has waived the res judicata issue.

views expressed in *DeMarco,* our Supreme Court **now** would hold that the waiver doctrine **is** applicable in workers' compensation proceedings.

**3.** We also noted in *Roadway Express* that, in order to preserve the issue on appeal, the subject

Claimant argues, however, that the issue was raised in his **brief** to the Board and, therefore, was not waived. Recently, however, in *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Palmer),* 659 A.2d 12 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 543 Pa. 699, 670 A.2d 145 (1995), we explained that a party's **brief** to the Board is not part of the original record which the Board certifies and transmits to this Court. For this reason, we held that where a party raises an issue in its brief to the Board, *but fails to address this issue in its appeal to the Board or otherwise raise this issue on the record before the Board,* the party has waived the issue.[3] *Id.*

In the instant case, Claimant raised the res judicata issue only in his brief to the Board and failed to otherwise address this issue on the record before the Board. Accordingly, we hold that Claimant has waived the res judicata issue. Because we conclude that Claimant has waived the sole issue presented on appeal, we dismiss Claimant's petition for review.

Order affirmed.

### ORDER

**AND NOW,** January 8, 1997, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

party could have requested that the Board certify and transmit a supplemental record containing that party's brief to this Court pursuant to Pa. R.A.P.1926.