IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michelle Nestman,                          :
                         Petitioner        :
                                           :
            v.                             :
                                           :
Gold Key Country Club, Inc. and            :
Cincinnati Insurance Company               :
(Workers' Compensation Appeal              :
Board),                                    :    No. 1348 C.D. 2021
                         Respondents       :    Submitted: April 22, 2022


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED:  May 27, 2022


        Michelle Nestman (Claimant) petitions for review of an order of the
Workers' Compensation Appeal Board (Board).  The Board affirmed the order of a
workers' compensation judge (WCJ) dismissing a claim petition filed by Claimant
that sought specific loss benefits and granting a termination petition filed by Gold
Key Country Club, Inc. and Cincinnati Insurance Company (jointly, Employer).
Claimant asserts that the WCJ's decision was based on incompetent testimony from
Employer's medical expert.  Upon review, we affirm the Board's order.

## I. Background

Claimant sustained a work injury to her right index finger in 2014, which was accepted as a right index finger laceration. Reproduced Record (RR) at 5a & 241a.[1] In 2018, a WCJ granted Claimant's petition to amend her work injury description to include neuralgia secondary to a crush injury to her right index finger. *Id.* at 245a-46a. At that time, the WCJ credited the testimony of Claimant and the opinion of her medical expert over that of Employer's medical expert, Lawrence Weiss, M.D. (Dr. Weiss), who testified after examining Claimant in 2016 that she had fully recovered from her work injury, which he did not believe included neuralgia. *Id.* at 243a-44a.

In 2019, Claimant filed a petition for specific loss benefits, alleging that she had effectively lost the use of her right index finger. RR at 1a. Employer filed a termination petition contending that Claimant had fully recovered from her work injury. *Id.* at 8a. The petitions were consolidated for disposition.

Dr. Weiss reexamined Claimant in October 2019 and reviewed medical records as well as the WCJ's 2018 decision amending the description of Claimant's work injury. RR at 118a-20a. In forming his opinion following the October 2019 examination and records review, Dr. Weiss assumed that Claimant's work injury included neuralgia as described in the amendment granted in the 2018 WCJ opinion. *Id.* at 130a. He then provided deposition testimony in which he opined that Claimant had fully recovered from her work injury; specifically, he explained that he "found

---

[1] Claimant failed to number the pages of the reproduced record in the format required by the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2173 (directing that "the pages of briefs, the reproduced record and any supplemental reproduced record shall be numbered separately in Arabic figures and not in Roman numerals: thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc., . . . "). Citations to pages of the reproduced record herein follow the format required by Rule 2173.

2

no evidence of any neuralgia pattern," posited that Claimant had recovered from her laceration injury, and stated that Claimant needed no further medical treatment for her work injury. *Id.* at 131a-37a.

The WCJ found Dr. Weiss's testimony more credible than that of Claimant and her medical expert. RR at 222a-23a. Accordingly, the WCJ dismissed Claimant's petition for specific loss benefits and granted Employer's termination petition. *Id.* at 224a.

Claimant appealed the WCJ's order to the Board, arguing that Dr. Weiss's opinion was not competent because he had not properly acknowledged that Claimant suffered from neuralgia as the WCJ concluded in his 2018 decision. RR at 226a. In response, Employer asserted that Claimant's notice of appeal was insufficiently specific to preserve that issue. *Id.* at 263a-64a. On the merits, Employer argued that Dr. Weiss had been specifically instructed during his testimony to assume that Claimant's work injuries included neuralgia as concluded by the WCJ in 2018. *Id.* at 266a-67a.

The Board rejected Employer's waiver argument, finding that although Claimant did not refer to the specific numbers of the findings of fact and conclusions of law she was challenging, she sufficiently set forth the nature of her appeal, *i.e.*, that the WCJ's decision lacked substantial supporting evidence, in that Dr. Weiss's opinion was not competent because he did not acknowledge neuralgia as part of Claimant's work injury. RR at 271a. On the merits, however, the Board squarely rejected Claimant's argument. The Board observed that Dr. Weiss "credibly testified that he was willing to accept the work injury description found in the [WCJ's] 2018 Decision and Order, and that there was no sign of it when he examined Claimant" in October 2019. *Id.* at 276a-77a. The Board concluded that this

3

constituted substantial evidence in support of the WCJ's conclusion that Claimant had fully recovered from her work injury. *Id.* at 277a. Therefore, the Board affirmed the WCJ's order. *Id.* at 278a.

Claimant then petitioned for review in this Court.

## II. Issues

On review before this Court,[2] Claimant raises the same issue as before the Board. She contends that Dr. Weiss did not acknowledge Claimant's neuralgia as part of her work injury as found by the WCJ in 2018. Pet. for Rev. at 2. Therefore, she argues that Dr. Weiss did not offer a competent opinion and that the WCJ could not rely on Dr. Weiss's testimony in granting the termination petition. *Id.*

In opposition, Employer reasserts that Claimant failed to preserve her argument by raising it properly before the Board. Br. of Employer at 11-13. Employer also repeats its contention that Dr. Weiss's opinion was competent because he did acknowledge neuralgia as an accepted part of Claimant's work injury. *Id.* at 9-11.

## III. Discussion

## A. Issue Preservation

Employer first contends that Claimant failed to preserve her argument for appeal because she did not adequately raise it before the Board. Specifically, Employer asserts that "Claimant failed to cite any findings of fact or conclusions of

---

[2] Our scope of review in a workers' compensation appeal is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Henderson v. WP Ventures, Inc. (Workers' Comp. Appeal Bd.)*, 269 A.3d 1272, 1275 n.2 (Pa. Cmwlth. 2022).

law at all, and did not detail which findings she was challenging in her appeal. Claimant's appeal clearly only made general assertions regarding the [WCJ's] Decision, without any specific issues she was appealing." Br. of Employer at 13. We discern no merit in this assertion.

Rule 1551(a) of the Pennsylvania Rules of Appellate Procedure provides, in pertinent part: "Review of quasijudicial orders shall be conducted by the court on the record made before the government unit. Only questions raised before the government unit shall be heard or considered . . . ." Pa.R.A.P. 1551(a). The applicable regulation governing practice and procedure before the Board requires that an appeal form submitted to the Board must include, in pertinent part:

> A statement of the particular grounds upon which the appeal is based, including reference to the specific findings of fact which are challenged and the errors of the law which are alleged. General allegations which do not specifically bring to the attention of the Board the issues decided are insufficient.

34 Pa. Code § 111.11(a)(2); *see also Williams v. Workmen's Comp. Appeal Bd. (Green Constr. Co.)*, 687 A.2d 428, 430 (Pa. Cmwlth. 1997).

Here, Claimant's appeal form submitted to the Board averred, in pertinent part:

> [T]he Decision of the [WCJ] to grant the Termination Petition was not supported by the substantial, competent evidence of record. The Defendant/Employer failed to meet its burden of proof on the Termination Petition. The medical evidence upon which the [WCJ] based his Decision to terminate was not competent. The defense medical examiner relied upon an incorrect description of the work injury a[t] issue. The defense medical examiner did not provide an opinion that [] Claimant was recovered from the recognized work injury.

5

RR at 226a. We agree with the Board that this averment went beyond a general allegation and sufficiently apprised the Board of the grounds of Claimant's appeal. *See* RR at 271a; *accord Morris v. Workers' Comp. Appeal Bd. (Ball Corp.)* (Pa. Cmwlth., No. 1172 C.D. 2014, filed June 11, 2015),[3] slip op. at 17 (concluding that the employer sufficiently preserved issue for appeal by asserting on the Board appeal form that the claimant "failed to meet his burden of proving he sustained a mental injury"); *cf. Jonathan Sheppard Stables v. Workers' Comp. Appeal Bd. (Wyatt)*, 739 A.2d 1084, 1089 (Pa. Cmwlth. 1999) (concluding that the employer's appeal to the Board was insufficient to properly raise and preserve any issues because it listed only the numbers of the findings of fact and conclusions of law it was challenging and did not include any statement of alleged errors); *Williams*, 687 A.2d at 431 (same, explaining further that none of the enumerated findings and conclusions listed in the appeal form related to the issue argued by the claimant on appeal). Accordingly, we conclude that Claimant adequately preserved the issue raised in her appeal.

## B. Competence of Dr. Weiss's Expert Opinion

On the merits of her appeal, Claimant argues that Dr. Weiss's opinion was not competent because he did not accept and employ in formulating his opinion the WCJ's 2018 amended description of Claimant's work injury and did not opine that Claimant had fully recovered from the injury as described in the WCJ's 2018 decision. We disagree.

---

[3] Unreported opinions of this Court issued on or after January 15, 2008 may be cited for their persuasive value pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Claimant asserts that "[o]nce the description of injury is amended, to succeed on a [t]ermination [p]etition, an employer must establish that an employee has fully and completely recovered from those injuries as described." Br. of Claimant at 13 (citing *GA & FC Wagman, Inc. v. Workers' Comp. Appeal Bd. (Aucker)*, 785 A.2d 1087 (Pa. Cmwlth. 2001)). In *Wagman*, for example, this Court concluded that a medical expert's opinion that the claimant had fully recovered could not support granting a termination petition, where the expert failed to acknowledge the claimant's accepted work injury and opine that the claimant had recovered from that injury. 785 A.2d at 1089 & 1092 (explaining that, because the employer's medical expert did not recognize that the claimant ever suffered from the accepted injury of pseudoarthritis, and instead opined that the claimant suffered from sprained muscle ligaments and that the accepted injury was "of no consequence," it was impossible for him to opine that the claimant had fully recovered from the accepted injury).[4]

Claimant attempts to distinguish *To v. Workers' Compensation Appeal Board (Insaco, Inc.)*, 819 A.2d 1222 (Pa. Cmwlth. 2003), on which the Board relied. In *To*, the employer's medical expert "credibly testified that he believed that there was no connection between [the c]laimant's current complaints and the event that may or may not have occurred in the course of his employment with [the e]mployer." *Id.* at 1225. Like Claimant here, the claimant in *To* argued that because the employer's medical expert disagreed with the claimant's accepted injury, the expert

---

[4] Claimant also cites, to the same effect, this Court's decisions in *Westmoreland County v. Workers' Compensation Appeal Board (Fuller)*, 942 A.2d 213 (Pa. Cmwlth. 2008); *Robinson v. Workers' Compensation Appeal Board (School District of Philadelphia)* (Pa. Cmwlth., No. 2149 C.D. 2007, filed May 12, 2008); *Elberson v. Workers' Compensation Appeal Board (Elwyn, Inc.)*, 936 A.2d 1195 (Pa. Cmwlth. 2007); and *Gillyard v. Workers' Compensation Appeal Board (Pennsylvania Liquor Control Board)*, 865 A.2d 991 (Pa. Cmwlth. 2005). Br. of Claimant at 13-16.

could not give an opinion that the claimant had fully recovered from the accepted injury. *Id.* at 1224. This Court distinguished *Wagman* because there, "the medical expert did not recognize that the claimant ever suffered from the [accepted] injury"; but in *To*, the employer's expert opined that "since there was no evidence of medical impairment, [the c]laimant had made a full and complete recovery from *any* injury he may have sustained in the course of his employment." *Id.* at 1225 (emphasis added).

Here, Claimant acknowledges that the medical witness's testimony in *To* "was deemed competent to support a termination of [w]orkers' [c]ompensation benefits when a doctor testified that, assuming a work injury occurred, a claimant was fully recovered at the time of his medical examination." Br. of Claimant at 16 (citing and discussing *To*). Claimant suggests, however, that "[t]his is not consistent with the type of testimony offered by [] Employer in this matter." *Id.* We disagree.

Dr. Weiss testified that before preparing his report concerning his October 2019 examination of Claimant, he reviewed the WCJ's 2018 decision amending the description of Claimant's work injury to include neuralgia. RR at 119a & 142a-43a. Further, the transcript of Dr. Weiss's deposition demonstrates that Employer's counsel expressly directed Dr. Weiss to assume, in giving his medical opinion, that the WCJ's 2018 decision concluded Claimant's original work injury in 2014 included "severe neuralgia of the right hand and index finger." *Id.* at 130a. When asked on cross-examination why he did not specifically discuss the WCJ's 2018 decision in his 2019 written report, Dr. Weiss explained, "I provided a medical report in order to try and provide an update with respect towards [Claimant's] status when I saw her on October 22nd, 2019 as opposed to peering over or disputing or suggesting anything different than [sic] what the [WCJ] had

8

provided . . . ." *Id.* at 145a. The Board found that Dr. Weiss's credible testimony, by establishing his willingness to accept the WCJ's 2018 description of Claimant's injury, constituted substantial evidence in support of the WCJ's decision to grant Employer's termination petition. RR at 276a-77a. We agree. Accordingly, we also agree with the Board's conclusion that this case is governed by the analysis of *To* rather than that of *Wagman* and other similar decisions. *See id.* For these reasons, we conclude the Board did not err in affirming the WCJ's order granting Employer's termination petition.

## IV. Conclusion

Based on the foregoing discussion, the order of the Board is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

9

Michelle Nestman, : 
                Petitioner : 
                : 
       v. : 
                : 
Gold Key Country Club, Inc. and : 
Cincinnati Insurance Company : 
(Workers' Compensation Appeal : 
Board), :   No. 1348 C.D. 2021
                Respondents : 

# O R D E R

AND NOW, this 27th day of May, 2022, the November 3, 2021 order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge