IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bob Evans Restaurants LLC,      :
           Petitioner      :
     :
       v.      :    No. 158 C.D. 2024
     :    Argued: February 4, 2025
Robert Schriver (Workers'      :
Compensation Appeal Board),      :
           Respondent      :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY SENIOR JUDGE LEAVITT          FILED: March 11, 2025

Bob Evans Restaurants LLC (Employer) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that denied its review petition. In so doing, the Board reversed the decision of the Workers' Compensation Judge (WCJ) that reduced the average weekly wage of Robert Schriver (Claimant) and authorized Employer to recoup its overpayments of disability compensation. Employer argues that the Board erred because Claimant's notice of appeal to the Board did not preserve any issue for disposition by the Board. Upon review, we agree with Employer and reverse the Board's adjudication.

**Background**

On May 22, 2020, Claimant sustained a low back sprain while lifting restaurant booths for cleaning. Employer's amended notice of temporary compensation payable (NTCP), dated July 20, 2020, entitled Claimant to total disability benefits at the rate of $725.77 per week based upon an average weekly wage of $1,088.66.

On December 29, 2021, Claimant filed a petition to reinstate compensation benefits as of November 22, 2021. The reinstatement petition alleged that Claimant's disability continued and resulted in a wage loss through no fault of his own.

On January 4, 2022, Claimant filed a penalty petition, alleging that Employer stopped payment of wage loss and medical benefits in violation of the Workers' Compensation Act (Act).[1] The penalty petition sought, *inter alia*, payment of disability and medical compensation benefits and 50% penalties.[2]

On February 21, 2022, Claimant filed a second penalty petition, alleging that Employer had failed to pay for physical therapy related to his work injuries in violation of the Act. The second penalty petition sought, *inter alia*, payment of medical invoices and 50% penalties.

On May 19, 2022, Employer filed a review petition, alleging that Claimant's disability compensation was based upon an incorrect average weekly wage. Employer alleged that one quarter on the original statement of wages included a bonus payment, which should have been prorated annually. This correction reduced Claimant's average weekly wage to $1,030.33.

All four petitions were consolidated before the WCJ, who conducted hearings. By order of December 28, 2022, the WCJ granted Claimant's reinstatement petition and his first penalty petition against Employer for late payment of wage loss benefits. The WCJ denied Claimant's second penalty petition, finding that there was no evidence that the physical therapy provider had sent

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[2] Section 435 of the Act, 77 P.S. §991, added by the Act of February 8, 1972, P.L. 25, establishes a penalty provision for, among other things, an employer's failure to make prompt payment of compensation. Section 435(d)(i) gives the WCJ the power to impose a penalty of up to 50% where a delay in payment is deemed unreasonable or excessive. 77 P.S. §991(d)(i).

invoices to Employer's insurer. The WCJ granted Employer's review petition, finding that Claimant's average weekly wage was $1,030.33, which reduced his disability benefits to $686.89 per week. The WCJ made this finding based on Employer's wage records and revised statement of wages. The WCJ noted that Claimant offered only "conclusory statements" in support of the "original calculation." WCJ Decision, Finding of Fact No. 16; Reproduced Record at 50a (R.R. __). The WCJ also ruled that Employer could recoup overpayments made to Claimant by withholding $20 per week from his corrected compensation payments. However, the overpayment was to be offset by the amount of penalties and interest owed by Employer. "If there is still any amount of overpayment due after that offset . . . Employer is entitled to recoup overpayments up to $20 per indemnity payment until fully recovered." WCJ Decision, Conclusion of Law No. 15; R.R. 57a.

On January 10, 2023, Claimant appealed to the Board. His notice of appeal stated as follows:

> **Reason(s) for filing this Appeal:**
>
> [Claimant] appeals from the decision of [the WCJ] on the grounds that the following findings of fact were not supported by sufficient, competent evidence, as specifically set forth below. A copy of the Judge's decision is attached.
>
> **Findings of Fact:**
>
> *See attached correspondence on appeal*
>
> *OR see the attached document*
>
> [Claimant] appeals from the decision of [the] WCJ []and alleges the following errors of law as to why the decision of the Judge does not conform to the provisions of the Workers' Compensation Act or [T]he [Pennsylvania] Occupational Disease Act.[3] A copy of the Judge's decision is attached.

---

[3] Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §§1201-1603.

**Errors of Law:**

*See attached correspondence on appeal*

*OR see the attached document*

R.R. 60a (emphasis added; emphasis in original omitted). Claimant's notice of appeal did not include any attachments.

The Board issued an acknowledgement of receipt of appeal and ordered Claimant to file his brief by February 10, 2023. Claimant did not file a brief on or before that date.

On February 16, 2023, Claimant filed an abeyance request without explanation; the Board granted the request. On March 1, 2023, Claimant filed a request to remove the case from abeyance status to allow for the submission of his brief. R.R. 68a. By letter of March 6, 2023, the Board removed the case from abeyance status but denied Claimant's request to file a brief. The Board explained that because Claimant did not request abeyance before February 10, 2023, the deadline for filing his brief, he would not be allowed to file an untimely brief. R.R. 69a.

On March 8, 2023, Claimant, through counsel, filed a motion for *nunc pro tunc* relief. The motion alleged that the brief had been assigned to a "non-practicing attorney" who had failed to meet the deadline, and the law firm did not discover that omission until the deadline had elapsed. R.R. 74a. By order of March 14, 2023, the Board denied Claimant's motion for a lack of "extenuating or exigent circumstances." R.R. 77a.[4]

---

[4] Claimant has not appealed that order to this Court.

Employer submitted its brief to the Board on April 6, 2023, in compliance with the Board's briefing schedule. Employer's brief is not included in the certified record.

## Board Adjudication

On January 26, 2024, the Board reversed the WCJ's decision to reduce Claimant's average weekly wage but affirmed the decision in all other aspects.

The Board was unable to find the uploaded document or attachment referred to in Claimant's notice of appeal. Nevertheless, the Board decided that the issue in Claimant's appeal was the WCJ's reduction in Claimant's average weekly wage from $1,088.66 to $1,030.33. The Board noted that Claimant's counsel raised that issue at oral argument, at which Employer's counsel was given the opportunity to respond thereto. Board Adjudication at 2 n.2; R.R. 82a. The transcript of the oral argument before the Board is not included in the certified record.

The Board held that the WCJ's finding on Claimant's average weekly wage was not supported by substantial evidence. Employer's revised statement of wages showed a lump sum bonus payment of $2,309.52 in the fourth quarter. However, Claimant objected to that statement of wages as lacking a "foundation," to which the WCJ responded that its admission was denied "for the time being." Notes of Testimony, 5/20/2022, at 9; Certified Record, Item No. 23 at 9. Ultimately, Employer's statement of wages was admitted. WCJ Decision at 2; R.R. 41a. Nevertheless, the Board treated Claimant's foundation objection as a hearsay objection and then decided that the revised statement of wages constituted hearsay. As such, it required corroboration. Finding that Employer's wage records did not show a lump sum bonus payment, the Board concluded that Employer's statement of wages lacked corroboration.

5

Employer now appeals to this Court.

## Appeal

On appeal,[5] Employer raises one issue for this Court's review:

> Did the [] Board err in reversing [the WCJ's] Decision granting the Review Petition, as [Claimant's] notice of appeal was insufficient to provide notice to the Board and [Employer] of the issues upon which his appeal was based?

Employer Brief at 4.

Employer argues that Claimant's appeal to the Board did not conform to Section 111.11(a)(2) of Title 34 of the Pennsylvania Code, which states, in pertinent part, as follows:

> (a) An appeal or cross appeal shall be filed with the Board on a form provided by the Board. All references to forms mean paper forms or an electronic format prescribed by the Board and published in the *Pennsylvania Bulletin* or the Department [of Labor and Industry's (Department)] web site located at www.dli.state.pa.us. All forms must contain the following information:
>
> . . . .
>
> > (2) A statement of the particular grounds upon which the appeal is based, including reference to the specific findings of fact which are challenged and the errors of the law which are alleged. General allegations which do not specifically bring to the attention of the Board the issues decided are insufficient.

34 Pa. Code §111.11(a)(2). Claimant's notice of appeal to the Board did not identify the "findings of fact which are challenged and the errors of the law which are

---

[5] Our review of an adjudication of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether the Board procedures were violated, whether constitutional rights were violated, or whether an error of law was committed. *Walter v. Workers' Compensation Appeal Board (Evangelical Community Hospital)*, 128 A.3d 367, 371 n.5 (Pa. Cmwlth. 2015).

6

alleged." *Id.* The notice of appeal stated, "[s]ee attached correspondence on appeal OR see the attached document," but no correspondence or document was attached. R.R. 60a. Employer contends that Claimant's notice of appeal to the Board failed to raise and preserve the issue that his average weekly wage should not have been adjusted by the WCJ.

Employer further argues that under Pennsylvania Rule of Appellate Procedure 1551(a), "[o]nly questions raised before the government unit shall be heard or considered" by this Court. Pa.R.A.P. 1551(a). Because Claimant failed to challenge the WCJ's revised average weekly wage in his notice of appeal with the Board, that issue cannot be considered by this Court. Employer acknowledges that Claimant's counsel raised a challenge to the WCJ's finding on Claimant's average weekly wage at oral argument. However, Employer "did not have the opportunity to prepare for or appropriately respond to these arguments [because] it had no notification prior to oral arguments as to [Claimant's] grounds for appeal." Employer Brief at 14.

In sum, Employer argues that because Claimant did not file an appeal with the Board that challenged the WCJ's finding of fact on Claimant's average weekly wage, the Board erred in reversing the WCJ.

In response, Claimant argues that his failure to comply with 34 Pa. Code §111.11(a)(2) "had little to no practical effect" on the Board's review because the only issue raised in Employer's review petition was whether Claimant was paid an annual bonus. Claimant Brief at 9. Claimant argues that oral argument before the Board "made abundantly clear" that the issue was whether substantial evidence supported the WCJ's recalculation of Claimant's average weekly wage. Claimant Brief at 9. Employer was not left in the dark. Indeed, it filed a brief on April 6,

7

2023, that "carefully defended the errors of law [the] WCJ [] made in his Decision." Claimant Brief at 9.[6] Further, Employer did not raise the 34 Pa. Code §111.11(a)(2) issue at oral argument before the Board. Accordingly, Employer has waived its ability to raise the issue of waiver on appeal to this Court.

Finally, Claimant asks that this Court remand for additional evidence on the issue of whether Claimant was paid an annual bonus.

**Analysis**

Rule of Appellate Procedure 1551(a) states:

**(a) Appellate jurisdiction petitions for review.**--*Review of quasijudicial orders shall be conducted by the court on the record made before the government unit. Only questions raised before the government unit shall be heard or considered*, except:

(1) Questions involving the validity of a statute.

(2) Questions involving the jurisdiction of the government unit over the subject matter of the adjudication.

(3) Questions that the court is satisfied the petitioner could not by the exercise of due diligence have raised before the government unit. If, upon hearing before the court, the court is satisfied that any such additional question within the scope of this paragraph should be raised, it shall remand the record to the government unit for further consideration of the additional question.

The court may in any case remand the record to the government unit for further proceedings if the court deems them necessary.

Pa.R.A.P. 1551(a) (emphasis added).

In *Jonathan Sheppard Stables v. Workers' Compensation Appeal Board (Wyatt)*, 739 A.2d 1084 (Pa. Cmwlth. 1999), the WCJ, on remand, held that

---

[6] The regulation requires the respondent in a Board appeal to file a brief even where the "petitioner fails to timely file a brief[.]" 34 Pa. Code §111.16(b).

8

the claimant sustained a work-related injury in an auto accident and granted his claim for disability compensation. The employer appealed to the Board, which affirmed the WCJ. The employer then appealed to this Court and argued, *inter alia*, that the WCJ exceeded the scope of the Board's remand order by allowing new testimony; erred in determining that the claimant was in the course of his employment at the time of the accident; and erred in awarding specific loss benefits due to disfigurement. However, in its notice of appeal filed with the Board, the employer did not "raise any of the foregoing claims of error with any degree of specificity[.]" *Id*. at 1089. On its appeal form, the employer merely stated "2-10" as the error of law, and it was not clear what "2-10" meant. *Id*. at 1089 n.5. Because the employer's notice of appeal did not conform to 34 Pa. Code §111.11(a)(2), we refused to consider the above-listed issues in the employer's appeal. *See also Johnson v. Workers' Compensation Appeal Board (Abington Memorial Hospital)* (Pa. Cmwlth., No. 2074 C.D. 2013, filed August 13, 2014) (unreported) (Board appeal form that listed, by number, the challenged findings of fact and conclusions of law did not comply with 34 Pa. Code §111.11(a)(2)).[7]

In *Williams v. Workmen's Compensation Appeal Board (Green Construction Company)*, 687 A.2d 428 (Pa. Cmwlth. 1997), the employer filed a termination petition alleging that the claimant had recovered from his work-related injury as of April of 1990. The WCJ denied the petition, finding the claimant's medical witness more credible than the employer's expert. Shortly thereafter, the employer filed a second termination petition, again alleging that the claimant had

---

[7] An unreported memorandum opinion of this Court may be cited for its "persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

recovered as of April of 1990. The WCJ granted the petition and, this time, found the employer's medical witness more credible. The Board affirmed the WCJ.

Before this Court, the claimant argued that the WCJ erred because the doctrine of *res judicata* barred the employer's second termination petition. We held that the claimant waived this issue because the appeal form he filed with the Board challenged only the WCJ's factual finding that he was recovered from the work injuries. The claimant argued that because he raised *res judicata* in the brief he filed with the Board, the issue was preserved. We responded as follows:

> [A] party's brief to the Board is not part of the original record which the Board certifies and transmits to this Court. For this reason, we held that *where a party raises an issue in its brief* to the Board, *but fails to address this issue in its appeal to the Board* or otherwise raise this issue on the record before the Board, the *party has waived the issue*.

*Williams*, 687 A.2d at 431 (emphasis added; emphasis in original omitted) (citing *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Palmer)*, 659 A.2d 12, 15 n.10 (Pa. Cmwlth. 1995)). This rationale suggests that raising an issue for the first time in a brief to the Board may be too late if the issue was not raised "in its appeal to the Board." *Williams*, 687 A.2d at 431. On the other hand, we also noted that the claimant could have requested the Board to certify and transmit to this Court a copy of his Board brief that purportedly discussed *res judicata*. *Id*. at n.3. *See also* Pa.R.A.P. 1926.[8] This rationale suggests that an issue can be raised, for the first time, in the brief to the Board.

---

[8] Pennsylvania Rule of Appellate Procedure 1926 relates to correction and modification of the trial court records. *See also* Pa.R.A.P. 1541 (a government unit shall prepare and transmit the record as provided by Chapter 19 of the Rules of Appellate Procedure). Rule 1926(b) provides, in pertinent part, as follows:

Here, Employer argues that *Jonathan Sheppard Stables* and *Williams* support its argument that Claimant waived his claim that the WCJ's finding on his average weekly wage was not supported by substantial evidence. Claimant's notice of appeal to the Board did not raise any "claims of error with any degree of specificity[.]" *Jonathan Sheppard Stables*, 739 A.2d at 1089. Because Claimant did not file a brief, the issue was not raised or preserved in his brief. There is no precedent to support Claimant's argument that raising an issue with the WCJ decision for the first time at the Board's oral argument is sufficient to comply with 34 Pa. Code §111.11(a)(2). Even so, because a transcript of the oral argument is not

---

(b) If anything material to a party is omitted from the record by error, breakdown in processes of the court, or accident or is misstated therein, the omission or misstatement may be corrected by the following means:

> (1) by the trial court or the appellate court upon application or on its own initiative at any time; in the event of correction or modification by the trial court, that court shall direct that a supplemental record be certified and transmitted if necessary; or

> (2) by the parties by stipulation filed in the trial court, in which case, if the trial court clerk has already certified the record, the parties shall file in the appellate court a copy of any stipulation filed pursuant to this rule, and the trial court clerk shall certify and transmit as a supplemental record the materials described in the stipulation.

Pa.R.A.P. 1926(b).

Pennsylvania Rule of Appellate Procedure 1951(b), which relates to the record below in proceedings on petitions for review, provides, likewise, as follows:

> **(b) Omissions from or misstatements of the record below.**--If anything material to any party is omitted from the record or is misstated therein, the parties may at any time supply the omission or correct the misstatement by stipulation, or the court may at any time direct that the omission or misstatement be corrected and, if necessary, that a supplemental record be prepared and filed. Failure of the agency to transmit part of the record of agency proceedings to the appellate court shall not be the basis for a finding of waiver.

Pa.R.A.P. 1951(b).

11

in the certified record, it cannot be determined what Claimant stated at oral argument. *Williams*, 687 A.2d at 431.

Claimant responds that Employer has waived the waiver issue. Claimant contends that Employer was obligated to raise the defect in Claimant's Board appeal form under 34 Pa. Code §111.11(a)(2) at oral argument or in some fashion. Claimant cites no precedent or treatise authority for his position that Employer waived its waiver issue.

West's Pennsylvania Appellate Practice notes "[a] waiver claim must be raised at the earliest opportunity, or the waiver claim itself may be deemed waived." G. Ronald Darlington et al., 20 WEST'S PA. PRACTICE, PA. APPELLATE PRACTICE §302:54.1 (2024-2025 ed.). For example, in *Commonwealth v. Williams*, 141 A.3d 440, 464 n.23 (Pa. 2016), our Supreme Court noted that because the Commonwealth did not raise waiver in the post-conviction relief proceeding, it could not raise waiver for the first time on appeal. However, the precedent for a waiver of waiver is very limited.

In *McGuire on behalf of Neidig v. City of Pittsburgh*, 250 A.3d 516 (Pa. Cmwlth. 2021), the plaintiff, Shane McGuire, was awarded damages in a federal court civil rights action against a police officer. After the officer assigned to McGuire his right of indemnification from the City of Pittsburgh, McGuire filed an action for declaratory judgment against the City. The jury found in the City's favor. McGuire appealed to this Court, where the City argued in its brief that McGuire lacked standing to pursue indemnification. In response, McGuire moved to strike that portion of the City's brief, asserting that the City had waived the standing issue.

We agreed with McGuire that the City was required by the Rules of Civil Procedure to raise standing either in preliminary objections or in its answer to

12

the complaint. Instead, the City raised standing, *inter alia*, in its trial memorandum, but McGuire did not respond to the standing issue. Instead, he argued that he was entitled to indemnification. We concluded that the City did not waive the issue of McGuire's standing but, rather, McGuire had waived his waiver claim.

*McGuire* was a court proceeding governed by the Pennsylvania Rules of Civil Procedure. A workers' compensation proceeding is governed by the Department regulation that mandates the procedure for preserving an appeal to the Board. 34 Pa. Code §111.11(a). The Department's regulation does not require the respondent to file a response to a Board appeal, let alone notify the Board of any deficiency in the appeal form.

More to the point, there is nothing in the certified record to show whether or not Employer raised the issue of Claimant's defective appeal before the Board. It cannot be determined because the record does not include a transcript of the oral argument before the Board or a copy of Employer's Board brief. Under *Williams*, 687 A.2d at 431, this forecloses our ability to consider Claimant's waiver of waiver argument.

In *Jonathan Sheppard Stables*, 789 A.2d at 1089, this Court refused to consider three issues raised on appeal by the employer because those issues were not specified in its notice of appeal filed with the Board. There was no indication that the claimant had raised the deficiency of the employer's appeal form while the matter was still before the Board. Simply, there is no direct precedent in our workers' compensation jurisprudence for Claimant's "waiver of waiver" argument, and we reject it.

13

**Conclusion**

Claimant's notice of appeal with the Board did not comply with 34 Pa. Code §111.11(a)(2) because it did not state that the WCJ erred in reducing his average weekly wage. This regulation, which is binding on the Board, does not permit an appellant to wait until oral argument to identify the relevant issue or issues. As such, Claimant has waived all issues related to the WCJ's decision, including the reduction of his average weekly wage.

For this reason, we reverse that portion of the Board's adjudication that reversed the WCJ's decision to reduce Claimant's average weekly wage and to authorize Employer to recoup its overpayments of disability compensation.

_____
MARY HANNAH LEAVITT, President Judge Emerita

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bob Evans Restaurants LLC,           :
                    Petitioner       :
                                     :
              v.                     :        No. 158 C.D. 2024
                                     :
Robert Schriver (Workers'            :
Compensation Appeal Board),          :
                    Respondent       :


# **O R D E R**


AND NOW, this 11th day of March, 2025, the adjudication of the Workers' Compensation Appeal Board, dated January 26, 2024, is REVERSED, in part, as set forth in the attached Opinion.


_____
MARY HANNAH LEAVITT, President Judge Emerita